IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

PAMELA WILLIAMS PLAINTIFF

vs. Civil No. 4:25-cv-04097

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION DEFENDANT

# MEMORANDUM OPINION

Pamela Williams ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Act. After reviewing the arguments in this case, this Court orders Plaintiff's case be **AFFIRMED**.

## 1. Background

Plaintiff filed her SSI application on August 26, 2022, alleging disabilities due to Post-Traumatic Stress Disorder ("PTSD"), attention deficit hyperactivity disorder ("ADHD"), panic disorder, anxiety, depression, bipolar disorder, brain atrophy, alcohol induced dementia, fibromyalgia, and a thyroid disorder. (Tr. 54).[1] Plaintiff alleged an onset date of June 1, 2021.

[1] The docket numbers for this case are referenced by the designation "ECF No. ___." The transcript pages for this case are referenced by the designation "Tr." and refer to the document filed at ECF No. 8. These references are to the page number of the transcript itself not the ECF page number.

(Tr. 13). Plaintiff's application was denied on April 3, 2023, and upon reconsideration on July 12, 2023. *Id.*

Plaintiff requested an administrative hearing on her denied application, and this hearing was granted. (Tr. 95-192). The hearing was held on September 23, 2024. (Tr. 29-48). At this hearing, Plaintiff was present and was represented by Matthew Golden. *Id.* Plaintiff and Vocational Expert ("VE") Wilfred Roux testified at the hearing. *Id.*

The Administrative Law Judge ("ALJ") entered an unfavorable decision on November 8, 2024. (Tr. 13-23). In this decision, the ALJ determined Plaintiff had not engaged in substantial gainful activity ("SGA") since August 22, 2026. (Tr. 15, Finding 1). The ALJ further determined Plaintiff had severe impairments of fibromyalgia, hypertension, cortical atrophy, anxiety, depression, ADHD, and PTSD. (Tr. 16, Finding 2). However, despite these impairments' severity, the ALJ determined that those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in 20 CFR Part 404, Subpart P, Appendix 1 ("Listings"). (Tr. 16, Finding 3).

The ALJ considered Plaintiff's subjective complaints and determined her residual functional capacity ("RFC"). (Tr. 18-21). The ALJ evaluated Plaintiff's subjective complaints and found the claimed limitations were not entirely consistent with the medical evidence and other evidence in the record. *Id.* The ALJ also determined Plaintiff retained the RFC to perform light work with postural and environmental restrictions. *Id.*

The ALJ then evaluated Plaintiff's past relevant work ("PRW") and determined Plaintiff had none. (Tr. 21, Finding 5). However, the ALJ found there were jobs in significant numbers in the national economy that Plaintiff could perform. (Tr. 22, Finding 9). With the help of the VE, the ALJ found that Plaintiff could perform the representative occupations of (1) housekeeper with

approximately 929,540 jobs nationally, (2) office helper with approximately 71,760 jobs nationally, and (3) mailroom sorter with approximately 99,190 jobs nationally. *Id*. Based upon this finding, the ALJ determined Plaintiff had not been disabled under the Act from August 26, 2022, through the date of the decision. (Tr. 23, Finding 10).

On November 19, 2025, Plaintiff filed the instant appeal. ECF No. 1. Plaintiff filed her Appeal Brief on January 26, 2026. ECF No. 10. The SSA filed its Appeal Brief on February 23, 2026. ECF No. 12. Accordingly, the matter is now ripe.

**2. <u>Applicable Law</u>**

In reviewing this case, the Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g); *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel*, 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox*

*v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the RFC to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox*, 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

## 3. **Discussion**

In her appeal brief, Plaintiff claims the ALJ's disability decision is not supported by substantial evidence in the record. ECF No. 10. In making this claim, Plaintiff raises the following arguments for reversal: (A) the ALJ erred in his step two determination; (B) the ALJ erred in

evaluating Plaintiff's RFC; and (C) the ALJ's step five determination is not supported by substantial evidence.

**A. Step Two Determination**

Plaintiff first asserts that the ALJ erred in determining that her bipolar disorder was not severe. ECF No. 10. At step two of the SSA's five-step sequential evaluation, the ALJ must determine whether the claimant has "a severe medically determinable physical or mental impairment," or "a combination of impairments that is severe," that lasted or is expected to last for at least twelve months. *See* 20 C.F.R. §§ 404.1509, 416.909; 404.1520(a)(4)(ii); 416.920(a)(4)(ii). "An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities." *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007). Basic work activities are "the abilities and aptitudes necessary to do most jobs," including, among other things, understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers and usual work situations; and dealing with changes in a routine work setting. 20 C.F.R. §§ 404.1522(b), 416.922(b). If the impairment would have no more than a minimal effect on the claimant's ability to work, then it does not satisfy the requirement of step two. *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir.2007). It is the claimant's burden to establish that his impairment or combination of impairments are severe. *Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir.2000). "Severity is not an onerous requirement for the claimant to meet . . . but it is also not a toothless standard . . . ." *Kirby*, 500 F. 3d at 708 (citations omitted).

Here, at step two the ALJ found Plaintiff had several severe mental impairments, including depression, anxiety, and ADHD, then continued the sequential analysis. (Tr. 16). Eighth Circuit precedent makes clear that "the failure to list a specific impairment at step two is not an error unless the impairment is 'separate and apart' from the other listed impairments." *Gregory v.*

*Comm'r, Soc. Sec. Admin.*, 742 F. App'x 152, 156 (8th Cir. 2018). Further, as the SSA noted in its brief, "the ALJ's failure to list all the severe impairments at Step Two is harmless, so long as the ALJ adequately discusses the effects of those impairments at the subsequent steps." *Rouse v. Berryhill*, 2019 WL 1359384, at *6 (E.D. Mo. Mar. 26, 2019); *see also Schwalje v. Saul*, 2019 WL 4575769 (E.D. Mo. Sept. 20, 2019) (collecting cases); *Gibbs v. Kijakazi*, No. 4:21-CV-00127-KGB, 2022 WL 4299732, at 1-2 (E.D. Ark. Sept. 19, 2022).

Therefore, the undersigned finds that the failure to list Plaintiff's bipolar disorder in the severe impairments finding was harmless as the ALJ went on to consider this diagnosis in determining Plaintiff's RFC. Accordingly, the Court affirms the ALJ's decision in this regard.

**B. RFC Determination**

In this matter, the ALJ determined Plaintiff retained the RFC to perform light work as defined in 20 CFR § 416.967(b) with postural and environmental restrictions. (Tr. 18, Finding 4). Plaintiff argues the ALJ erred in this RFC determination. ECF No. 10, pp. 6-7. However, substantial evidence supports the ALJ's RFC determination.

Prior to step four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart*, 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Id.* (quoting *Krogmeier v. Barnhart*, 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *Cox*, 160 F.3d at 1206. The mere fact a claimant has a long list of medical conditions does not demonstrate that person is disabled; instead, the RFC determination

is a function-by-function analysis. *See* SSR 96-8P, 1996 WL 374184 (July 2, 1996). "The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments, including the impact of any related symptoms." *Id.*

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel*, 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel*, 228 F.3d 860, 862 (8th Cir. 2000).

Based upon this standard and a review of Plaintiff's records and allegations in this case, the Court cannot find Plaintiff has demonstrated having any greater limitations than those found by the ALJ. The ALJ provided a thorough summary of Plaintiff's medical records and subjective complaints in this matter. The mere fact Plaintiff suffers from several impairments does not demonstrate she has more limitations than those found in the RFC assessment.

In his opinion, the ALJ considered Plaintiff's alleged impairments and discounted those he found were not credible. (Tr. 18-21). The ALJ considered the results of objective diagnostic tests and examination findings and discussed these in his decision. *Id.* The ALJ also considered the findings of medical consultants and considered Plaintiff's testimony and function reports in assessing her RFC. *Id.*

Plaintiff specifically takes issue with the ALJ's assessment of her limitations in light of her impairments—notably her fibromyalgia. However, the record before the Court indicates the ALJ properly considered Plaintiff's testimony and contradictory medical evidence as to the intensity

and persistency of her symptoms. (Tr. 19). This finding was supported by the ALJ's review of the medical record, as well as his reliance on medical consultant opinions which included two consultants who determined Plaintiff could perform a full range of light work. (Tr. 21, 58-59, 69-70).

Substantial evidence supports the ALJ's RFC determination. Plaintiff has the burden of establishing her claimed RFC. *See Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart*, 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met this burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

**C. Step Five Determination**

Finally, Plaintiff argues that the ALJ's step five determination is not supported by substantial evidence. Specifically, Plaintiff asserts that the "ALJ has shirked [his] responsibility to assess Plaintiff's subjective complaints, develop the record, find support for his RFC assessment, and, ultimately, properly assess whether Plaintiff can perform work existing in significant number in the national economy." ECF No. 10, p. 7.

Looking first at Plaintiff's claims that the ALJ improperly evaluated her subjective allegations of disability, the Court finds the ALJ did not err. In assessing the subjective allegations of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz*

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (8th Cir. 2007). Thus, this Court will not require the analysis of these additional factors in this case.

*v. Astrue,* 479 F.3d 979, 983 (8th Cir. 2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective allegations of pain. *See id.* The ALJ is not required to methodically discuss each factor if the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective allegations. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). If the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective allegations are not entirely valid, the ALJ's determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective allegations "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's allegations of pain, the ALJ must make a specific evaluation of a claimant's subjective allegations, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ fully complied with *Polaski* in his evaluation of Plaintiff's subjective allegations. (Tr. 18-21). Indeed, the ALJ opinion outlined Plaintiff's subjective allegations and noted inconsistencies between those allegations and the record. *Id.* The ALJ also

noted her daily activities and set forth reasons for finding them not as limiting as described by Plaintiff. *Id.* Furthermore, the ALJ carefully summarized Plaintiff's medical records and noted how she was receiving treatment and medication for her impairments that appeared to be effective. *Id.* The ALJ also noted how her conservative treatment was inconsistent with allegations of disability. *Id.* Based upon the Court's review, there is no basis for reversal on this issue. *See, e.g., Guilliams v. Barnhart,* 393 F.3d 798, 801 (8th Cir. 2005) (recognizing an ALJ may discount a "claimant's subjective complaints . . . if there are inconsistencies in the record as a whole").

The Court also finds Plaintiff's additional arguments unpersuasive. The ALJ looked to the testimony of the VE as well as the opinions of medical staff through evidence presented to fully develop the record in the instant case. As discussed previously, the ALJ properly assessed Plaintiff's RFC and his conclusion is supported by the record. Based upon this assessment, an ALJ is entitled to rely upon the opinion of a vocational expert as to the number of jobs in the economy which could be performed by someone with Plaintiff's RFC. *See Harris v. Barnhart*, 356 F.3d 926 (8th Cir. 2004) (citing *Weiler v. Apfel*, 179 F.3d 1107, 1111 (8th Cir.1999)). Therefore, the Court finds that the ALJ did not err in his determination that there were jobs in significant numbers in the national economy Plaintiff could perform.

**4. <u>Conclusion:</u>**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and the decision is **AFFIRMED.**

**ENTERED this 24th day of August 2026.**

/s/ Spencer G. Singleton
HONORABLE SPENCER G. SINGLETON
UNITED STATES MAGISTRATE JUDGE